The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIBER HOME LOANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROSSCOUNTRY MORTGAGE, LLC, <br><br> Defendant. | Case No. 2:22-CV-00616-RAJ <br><br> **DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** <br><br> NOTE ON MOTION CALENDAR: August 5, 2022 <br><br> **ORAL ARGUMENT REQUESTED** |

Defendant CrossCountry Mortgage, LLC ("CrossCountry") submits the following reply in support of its motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint filed by Plaintiff Caliber Home Loans, Inc. ("Caliber") in its entirety.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

**STOEL RIVES**
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

# TABLE OF CONTENTS

<u>Page</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    I.    Caliber's Opposition Is Premised Entirely On a "Notice Pleading" Standard That Has Been Overruled ................................................................ 2

    II.    The Complaint Fails to State a Claim For Unfair Competition (Count One) ........................................................................................................ 4

    III.    The Complaint Fails to State a Defend Trade Secrets Act Claim (Count Two) ........................................................................................................ 5

    IV.    Caliber's Conversion Claim (Count Three) Is Preempted As a Matter of Law ................................................................................................... 6

    V.    The Complaint Fails to State a Claim For Tortious Interference With Contract (Count Four) ................................................................................. 7

    VI.    The Complaint Fails to State An Aiding-and-Abetting Claim (Count Five) ....................................................................................................... 10

    VII.    The Complaint Fails to State a Claim For Tortious Interference With Business Expectancy (Count Six) ............................................................ 11

    VIII.    The Complaint Fails to State a Claim For Civil Conspiracy (Count Seven) ..................................................................................................... 11

CONCLUSION .................................................................................................................... 12

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ

i

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 1, 2, 3, 8

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 1, 2

*Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*,
    727 F.3d 917 (9th Cir. 2013) ............................................................................................. 4

*Brown ex rel. Richards v. Brown*,
    239 P.3d 602 (Wn. Ct. App. 2010) .................................................................................... 5

*Chavez v. United States*,
    683 F.3d 1102 (9th Cir. 2012) ........................................................................................... 4

*CleanFish, LLC v. Sims*,
    No. 19-cv-3663-HSG, 2020 WL 1274991 (N.D. Cal. March 17, 2020) ............................ 6

*Eclectic Props. E., LLC v. Marcus & Millichap*,
    751 F.3d 990 (9th Cir. 2014) ..................................................................................... passim

*Evergreen Moneysource Mort. Co. v. Shannon*,
    274 P.3d 375 (Wn. Ct. App. 2012) ................................................................................. 4, 5

*Fairhaven Health, LLC v. BioOrigyn, LLC*,
    No. 2:19-CV-01860-RAJ, 2020 WL 5630473 (W.D. Wn. Sept. 21, 2020) ....................... 7

*Fleming v. Corp. of President of Church of Jesus Christ of Latter Day Saints*,
    No. C04-2338RSM, 2006 WL 753234 (W.D. Wn. Mar. 21, 2006) ................................. 12

*Gonzalez v. Planned Parenthood of L.A.*,
    759 F.3d 1112 (9th Cir. 2014) ........................................................................................... 8

*In re Century Aluminum Co. Sec. Litig.*,
    729 F.3d 1104 (9th Cir. 2013) ........................................................................................ 2, 3

*InteliClear, LLC v. ETC Global Holdings, Inc.*,
    978 F.3d 653 (9th Cir. 2020) ............................................................................................. 5

*LaFrance Corp. v. Werttemberger*,
    No. C07-1932Z, 2008 WL 5068653 (W.D. Wn. Nov. 24, 2008) ...................................... 7

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — ii

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 9216) 586-3939

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
Telephone 206.624.0900

116352607.2 0077407-00001

# TABLE OF AUTHORITIES

Page(s)

*Leingang v. Pierce Cty. Med. Bureau, Inc.*,
  930 P.2d 288 (Wn. 1997) .................................................................................................. 11

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ............................................................................................... 2

*Pacific Nw. Shooting Park Ass'n v. City of Sequim*,
  144 P.3d 276 (Wn. 2006) .................................................................................................. 11

*Panag v. Farmers Ins. Co. of Wash.*,
  204 P.3d 885 (Wn. 2009) ................................................................................................ 4, 5

*Pleas v. City of Seattle*,
  774 P.2d 1158 (Wn. 1989) .................................................................................................. 7

*Puget Sound Sec. Patrol, Inc. v. Bates*,
  389 P.3d 709 (Wn. Ct. App. 2017) ................................................................................... 12

*Rick-Mik Enters., Inc. v. Equilon Enters. LLC*,
  532 F.3d 963 (9th Cir. 2008) ............................................................................................... 2

*Rigby v. Corliss*,
  No. C14-0340-RSL, 2018 WL 3608397 (W.D. Wn. July 27, 2018) .................................. 10

*Spencer v. Peters*,
  No. C11-5424-BHS, 2012 WL 4514417 (W.D. Wn. Oct. 2, 2012) .............................. 11, 12

*Telesaurus VPC, LLC v. Power*,
  623 F.3d 998 (9th Cir. 2010) ............................................................................... 2, 6, 9, 12

*Wilson v. Craver*,
  994 F.3d 1085 (9th Cir. 2021) ............................................................................................. 2

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ............................................................................................. 3

**RULES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 12

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — iii

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 9216) 586-3939

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
Telephone 206.624.0900

116352607.2 0077407-00001

# TABLE OF AUTHORITIES

Page(s)

**STATUTES**

Unfair Business Practices Act, RCW 19.86.920 ............................................................................. 4

Uniform Trade Secrets Act, RCW 19.108.900 ........................................................................... 6, 7

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ

iv

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

**STOEL RIVES**
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

**INTRODUCTION**

Caliber cannot escape its utter failure to allege facts sufficient to state any plausible claim against CrossCountry. According to Caliber, 80 employees in 18 branches across six states left Caliber to join CrossCountry (a company with over 8,000 employees) over a span of 14 months. Caliber insists that those facts demonstrate a widespread illegal scheme by CrossCountry to "poach" Caliber's employees. What Caliber has *not* alleged anywhere in its Complaint are any well-pleaded factual allegations suggesting that, in hiring those individuals, CrossCountry ever did anything unlawful. All Caliber does—in contravention of the controlling pleading standard—is take lawful hiring by CrossCountry and ask the Court to infer illegality based purely on Caliber's *ipse dixit*.

Worse yet, Caliber explicitly eschews any need to allege factual allegations plausibly suggesting unlawful conduct by CrossCountry, and instead bases its entire opposition brief ("Opposition" or "Opp.") on the faulty premise that "notice pleading" is sufficient. Caliber explicitly argues—without any recognition of the last 15 years of controlling law on the subject—that dismissal is appropriate only if "it is certain that the pleader can prove 'no set of facts' [that] might entitle it to relief." (Opp. at 8.) Suffice it to say, that pleading standard was overruled by *Twombly* and *Iqbal*, and replaced with a standard that requires Caliber to plead *facts* that are sufficient to make its claims plausible and to rebut innocent explanations. Yet over and over, as to every one of its Counts, Caliber asserts that its claim is sufficiently pleaded based purely on the Complaint's boilerplate allegations—untethered to any facts—that CrossCountry "encouraged," "induced," "assisted," "directed," "knew of," or "benefitted from," unlawful conduct committed by former Caliber employees. It is well established that such conclusory allegations are insufficient to state a claim.

At bottom, there are no well-pleaded allegations in the Complaint that come close to sufficiently stating a plausible claim against CrossCountry, and it should be therefore dismissed.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 1

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone:  9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

# ARGUMENT

**I.  Caliber's Opposition Is Premised Entirely On a "Notice Pleading" Standard That Has Been Overruled.**

Though Caliber pays lip service to *Twombly* and *Iqbal*, it proceeds immediately to an assertion that "[d]ismissal is appropriate only where . . . it is certain that the pleader can prove 'no set of facts' [that] might entitle it to relief," and insists that "a federal court complaint is subject to a 'notice pleading' standard."  (Opp. at 8.)  Caliber then directs the remainder of its Opposition at trying to satisfy that minimal standard.  The problem for Caliber is that the pleading standard it relies on was *overruled* fifteen years ago.  As the Ninth Circuit has repeatedly stated, the United States Supreme Court "retired" the no-set-of-facts standard in favor of the modern plausibility standard.  *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 970–71 (9th Cir. 2008).  "*Iqbal* and *Twombly* moved us ***away*** from a system of pure notice pleading.  ***In addition to providing fair notice, the complaint's allegations must now suggest that the claim has at least a plausible chance of success***."  *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (emphasis added and citation omitted).

To satisfy the plausibility standard, the Complaint must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  Under this standard, courts "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," including "threadbare recitals of the elements of a cause of action.'"  *Id.*  Similarly, courts "need not accept as true legal conclusions" in the Complaint, even if they are "couched as factual allegations."  *Wilson v. Craver*, 994 F.3d 1085, 1090 (9th Cir. 2021).  Such legal conclusions include "bald allegations of [an] impermissible motive on the [Defendant's] part."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

*Iqbal* itself cogently illustrates the defective nature of the arguments that pervade Caliber's Opposition.  Applying the plausibility standard in *Iqbal*, the Supreme Court reasoned:

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 2

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 9216) 586-3939

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
Telephone 206.624.0900

116352607.2 0077407-00001

> [The plaintiff] pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." The complaint alleges that [the Attorney General] was the "principal architect" of this invidious policy, and that [the FBI Director] was "instrumental" in adopting and executing it. These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, . . . As such, the allegations are conclusory and not entitled to be assumed true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). Without the conclusory allegations, the complaint failed to state a plausible claim, and the Court dismissed it. *Id.* at 687. Yet Caliber's Opposition asserts over and over the same types of argument that *Iqbal* explicitly rejected.

Under *Iqbal*, a plaintiff may not overcome a motion to dismiss by offering naked conclusions about the defendant's knowledge or intent. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147–48 (9th Cir. 2012) (dismissing suit when plaintiff made "merely conclusory" allegations regarding the defendant's knowledge). Where, as here, a Complaint concerns events that are "not only compatible with, but indeed . . . more likely explained by, lawful . . . free-market behavior," *Iqbal*, 556 U.S. at 680, the Complaint must provide more than "allegations that are 'merely consistent with'" the defendant's culpability. *Century Aluminum*, 729 F.3d at 1108. Rather, the Complaint must set forth "facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props. E., LLC v. Marcus & Millichap*, 751 F.3d 990, 996–97 (9th Cir. 2014).

Caliber's Opposition simply ignores—indeed, *disclaims*—this responsibility to plead factual content that raises a plausible right to recovery. Repeatedly, the Opposition asserts that it is sufficient for Caliber to recite boilerplate allegations that CrossCountry "knew of," "induced," "directed," "encouraged," or "assisted" unlawful conduct by the former Caliber employees. (Opp. at 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22.) Under the controlling standard, such conclusory allegations are not entitled to the assumption of truth. As discussed below, when these legal conclusions are stripped away, the Complaint offers nothing more than conduct by

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 3

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

CrossCountry that is entirely consistent with lawful competition. Because the Complaint does nothing to rule out this obvious innocent explanation, governing law requires dismissal.

## II. The Complaint Fails to State a Claim For Unfair Competition (Count One).

In claiming that it satisfies the requisite "unfair or deceptive act or practice" element of a claim under the Washington Unfair Business Practices Act, *see Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wn. 2009), Caliber confusingly cobbles together two alleged unfair actions: (1) an unauthorized credit pull and (2) CrossCountry's hiring of Caliber employees. (Opp. at 9-10.) Neither is sufficient to plead an unfair-competition claim

As to the unauthorized credit pull, Caliber does not dispute that any unfair or deceptive act in that regard would have been committed by the former Caliber employees before they left Caliber. (Opp. at 9.) Instead, Caliber's defense of its claim relies on the contention that "CrossCountry fails to take into account the allegations that CrossCountry encouraged, assisted, and/or directed the Departed Employees to abscond with Caliber's proprietary information to enable the Departed Employees to steal Caliber customers as part of their departure to CrossCountry." (*Id.*) As discussed, however, merely stating that a defendant "induced," "assisted," or "directed" unlawful conduct is conclusory make-weight that is insufficient to state a claim. *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 927 (9th Cir. 2013) ("Although [the defendant] is alleged to have 'directed' the other defendants to take these actions, no factual assertions support this allegation, and the conclusory allegations are insufficient on their own to defeat a motion to dismiss."); *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012) (disregarding the "wholly conclusory allegation that the supervisory defendants 'personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted'" unlawful traffic stops). Having failed to allege facts suggesting "any specific deception or deceptive acts" *by CrossCountry*, the Complaint fails to state a claim. *Evergreen Moneysource Mort. Co. v. Shannon*, 274 P.3d 375, 384 (Wn. Ct. App. 2012). In any event, Caliber does not—and cannot—allege that the unauthorized credit pull satisfies the requisite

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 4

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

element that Caliber plead injury to its "business or property" arising from the alleged events. *Panag*, 204 P.3d at 889. By Caliber's own admission, the prospective borrower *declined* to switch to CrossCountry. (Compl. ¶ 81.)

Similarly, Caliber's allegations as to CrossCountry's "pattern and practice" of hiring competitors' employees (Compl. ¶ 89)—an *entirely lawful* practice in the absence of any noncompete covenant (which Caliber does not allege)—fall woefully short of stating a plausible unfair-competition claim. As discussed, the Complaint's mere say-so that such hiring must have been done illegally is not close to sufficient. Moreover, Washington courts have recognized that unfair-competition claims are typically *not* appropriate for private disputes between business competitors. *Evergreen*, 274 P.3d at 385 ("[C]onduct that is not directed at the public, but, rather, at a competitor, lacks the capacity to impact the public in general."). To overcome this problem, Caliber alleges only that "earlier this year, another competitor initiated legal action in this Court alleging that CrossCountry raided their employees who, acting at CrossCountry's direction, solicited employees and took customer lists and other confidential information." (Compl. ¶ 89.) Caliber, however, does not bother to describe the other alleged circumstances or explain how they were "unfair or deceptive" under Washington law, let alone how they "had the capacity to deceive a substantial portion of the public." *Brown ex rel. Richards v. Brown*, 239 P.3d 602, 608 (Wn. Ct. App. 2010). Merely citing the existence of another pending case by a competitor does nothing to satisfy the elements of this claim. Count One should be dismissed.

**III.    The Complaint Fails to State a Defend Trade Secrets Act Claim (Count Two).**

The flaws in Caliber's Count One apply equally when it comes to the rest of Caliber's claims. As to its federal trade secrets claim, Caliber utterly fails to allege facts suggesting that *CrossCountry* "misappropriated [a] trade secret." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). Caliber grounds its claim entirely in a series of emails that Departing Employees allegedly sent from their Caliber email addresses to their personal email addresses containing customer information. Nowhere does Caliber allege that

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 5

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

anyone at *CrossCountry* ever received or even knew about such conduct. Indeed, Caliber's allegations about CrossCountry's involvement with any of these emails are pure conclusions. (*See, e.g.*, Opp. at 17; Compl. ¶ 77 (Departing Employees "misappropriated . . . confidential information acting in concert with CrossCountry and with its knowledge and approval").)

These naked legal allegations about CrossCountry's knowledge and intent are not entitled to the assumption of truth. *Telesaurus*, 623 F.3d at 1003. "Trimmed of legal conclusions and threadbare recitals of a cause of action," as it must be, *Eclectic Props.*, 751 F.3d at 998, the Complaint fails to plausibly allege that CrossCountry ever received any of the information contained in these emails, let alone that CrossCountry received such information with knowledge as to its improper origin. This is simply not enough to clear the plausibility bar. Courts in this Circuit do not infer misappropriation by a **new employer** from the mere allegation that the **departing employee** inappropriately took trade secrets with him when he resigned his former employment. (CrossCountry's Opening Br. at 10-11.) Rather, Caliber "must allege facts that . . . tend to exclude an innocent explanation" that the employee acted alone. *CleanFish, LLC v. Sims*, No. 19-cv-3663-HSG, 2020 WL 1274991, at *10 (N.D. Cal. Mar. 17, 2020).

Caliber's observation that *CleanFish* is non-precedential (Opp. at 12) does nothing to cure the deficiencies of the Complaint, as *CleanFish* is still a compelling illustration of how the Ninth Circuit's precedents are applied in this context. *Id.* (citing *Eclectic Props.*, 751 F.3d at 997 ("[P]laintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent" with an innocuous explanation). Caliber invites the Court to do precisely what the Ninth Circuit forbids: infer CrossCountry's culpable intent from the mere fact that the Departing Employees took trade secrets with them when they left Caliber. Because Count Two fails to plead facts that "tend to exclude the innocent explanation" that the Departing Employees acted alone, Caliber has failed to plead a plausible trade secrets claim against CrossCountry. *Id.*

**IV.     Caliber's Conversion Claim (Count Three) Is Preempted As a Matter of Law.**

It does not matter whether Caliber has sued under the Uniform Trade Secrets Act. The

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 6

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 9216) 586-3939

STOEL RIVES ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
Telephone 206.624.0900

116352607.2 0077407-00001

law is clear that its common-law conversion claim for "misappropriation and conversion of confidential and proprietary information" (Count Three) is preempted all the same. *LaFrance Corp. v. Werttemberger*, No. C07-1932Z, 2008 WL 5068653, at *3 (W.D. Wn. Nov. 24, 2008) ("LaFrance's conversion claim is preempted to the extent it alleges that Werrtemberger ***misappropriated and converted*** to Defendants' use LaFrance's ***confidential and proprietary information***.") (emphasis added); *accord* RCW 19.108.900(1).

This Court should also reject Caliber's eleventh-hour attempt to use its Opposition to amend its Complaint by pivoting to conversion theories regarding goodwill and customer relationships. *Fairhaven Health, LLC v. BioOrigyn, LLC*, No. 2:19-CV-01860-RAJ, 2020 WL 5630473, at *10 (W.D. Wn. Sept. 21, 2020) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations and citation omitted). Caliber was free to style its conversion claim in any way it wished. Yet the Complaint explicitly limits the conversion claim to asserting that "CrossCountry misappropriated Caliber's Confidential Information." (Compl. ¶ 116.) Business goodwill and customer relationships are not "information" in any sense of the word. Although Caliber correctly notes that the Federal Rules of Civil Procedure allow alternative pleading, it is Washington's ***substantive*** law that preempts Caliber's claim. The Federal Rules, however broadly construed, do not allow a claim that has been preempted by substantive state law. Because the conversion claim that Caliber actually plead revolves around only "confidential and proprietary information," it is pre-empted and should be dismissed. *LaFrance*, 2008 WL 5068653, at *3.

V.    **The Complaint Fails to State a Claim For Tortious Interference With Contract (Count Four).**

Likewise, Caliber's claim that CrossCountry tortiously interfered with the Departing Employee's contract obligations is fatally flawed. To state a tortious-interference claim, Caliber must plausibly allege, among other things, "intentional interference inducing or causing a breach . . . of the relationship." *Pleas v. City of Seattle*, 774 P.2d 1158, 1161 (Wn. 1989). For the same

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 7

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

reasons explained regarding Count One, Caliber fails to plausibly allege any action *by CrossCountry* that caused the Departing Employees to breach their employment agreements.

Caliber sets forth three theories of tortious interference: that CrossCountry "induc[ed] and encourage[ed] the Departed Employees to breach their contracts with Caliber by (1) soliciting [other] Caliber employees to terminate their employment relationship with Caliber; (2) diverting, converting, and removing loans in process at Caliber to take them to CrossCountry; and (3) retaining, and using Caliber's Confidential Information." (Compl. ¶ 128.) But each of these theories remains entirely unsupported by any concrete factual allegations that "tend to exclude" the inference that the Departed Employees acted alone in committing any alleged breach. *Eclectic Props.*, 751 F.3d at 998.

At the outset, Caliber alleges no facts to support its conclusion that CrossCountry "induc[ed] and encourage[ed]" the Departing Employees to retain or use Caliber's trade secrets. Caliber's bare assertion that "the Departed Employees . . . act[ed] in concert with CrossCountry and with its knowledge and approval," (Compl. ¶ 77), is not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 680–81 (discounting plaintiff's allegation that the AG was the "principal architect" of the alleged scheme and that the FBI Director was "instrumental" in executing it).

As for the two remaining theories, Mark Everts's email to himself simply will not bear the weight Caliber needs it to. In the email, Everts described a few of his "connections" at his Caliber branch that were "loyal" to him, and one of whom Everts stated "would for sure jump if she knew [Everts] was on board." (Compl. Ex. A.) He also wrote that an offer to join CrossCountry "would have to so outweigh the offer to stay that it [made] sense to go thru the rig-a-ma-roll . . . of uprooting [his] team and going elsewhere." (*Id.*)

Because Caliber has chosen to incorporate this email into the Complaint, the Court need not accept Caliber's plainly unreasonable interpretation. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) ("[W]e need not accept as true allegations that contradict matters . . . by exhibit."). On its face, this email was not even sent to CrossCountry,

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 8

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

and the Complaint nowhere alleges that CrossCountry ever approved or adopted anything Everts wrote. Caliber's unilateral and self-serving definition of that email as *CrossCountry's* "Master Plan," and its assertion that Everts's words "spelled out" *CrossCountry*'s "methods and intentions" are inexplicable, even as to the handful of employees at Everts's own Caliber branch who are the sole subject of the email. (Compl. ¶ 24). Even if this the email were enough to make Caliber's allegations about Everts's branch plausible (they are not), the email does ***nothing*** to support Caliber's theory that CrossCountry orchestrated a national scheme to unlawfully raid 80 Caliber employees in six states—including some thousands of miles from Everts's branch.

Again, the Departing Employees were not forbidden to switch employers. Nor is there anything wrong with CrossCountry offering better compensation to convince an employee to make the switch. Rather, Caliber's tortious-interference claim relies entirely on CrossCountry's supposed inducement of Caliber employees to solicit their co-workers to leave with them. Yet neither the Complaint nor the Opposition makes any attempt to address, let alone exclude, the most straight-forward explanations for the employees' decisions to leave: (1) the Departing Employees who allegedly solicited their co-workers did so unilaterally without any involvement or inducement by CrossCountry; or (2) the Departing Employees who were allegedly solicited simply chose to follow their co-workers to CrossCountry without any need for solicitation. These explanations are just as consistent with the meager facts in the Complaint. But the Complaint simply does nothing to meet its legal obligation to provide "facts tending to exclude the possibility that th[is] alternative explanation is true." *Eclectic Props.*, 751 F.3d at 997–98 . Rather, hiding behind an overruled "notice pleading" standard, Caliber recites a litany of boilerplate legal conclusions that CrossCountry "conspired" with Everts, (Compl. ¶ 3), "had the producers solicit and recruit their support teams," (*id.* ¶ 36) ," and "encouraged and induced the Departed Employees to breach their restrictive covenants." (*Id.* ¶ 70.) Such "threadbare recitals of [claim] elements" are insufficient to state a plausible claim. *Telesaurus*, 623 F.3d at 1003.

Finally, as to Caliber's theory that CrossCountry induced the Departing Employees to

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ

9

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

solicit Caliber's customers, for the reasons explained above, Caliber does not even bother to allege that CrossCountry itself had any knowledge of or role in in the unauthorized credit pull (*see* CrossCountry's Opening Br. at 7, 16), which is the sole basis for the diverted customer theory. (Compl. ¶¶ 80–81.) Yet again, the Complaint alleges no facts that tend to exclude innocent explanations for the event—*e.g.*, that CrossCountry was not aware this was a potential Caliber customer—rendering Caliber's claim utterly defective. *Eclectic Props.*, 751 F.3d at 998.

## VI. The Complaint Fails to State An Aiding-and-Abetting Claim (Count Five).

Caliber's Count Five essentially duplicates the assertions of Count Four. The problem for Caliber, however, is that aiding and abetting requires a plaintiff to allege "that the aider and abettor substantially assisted in the primary wrong." *Rigby v. Corliss*, No. C14-0340-RSL, 2018 WL 3608397, at *5 (W.D. Wn. July 27, 2018). The Complaint fails to offer anything other than legal conclusions to support this Count, particularly regarding the substantial-assistance element. For the reasons explained above, Caliber fails to allege facts raising a plausible inference that CrossCountry even knew of the Departing Employees' breach of duty.

In response to these clear deficiencies, Caliber again doubles down on boilerplate. Caliber's Opposition merely sets out the elements of the claim and then identifies paragraphs of the Complaint in which Caliber recited these elements, often *verbatim*. (*See* Opp. at 19–20 (citing Compl. ¶ 3 (CrossCountry "conspired with" Everts); ¶ 4 (Everts "in concert with CrossCountry and for its benefit, misappropriated [trade secrets]"); ¶ 70 (CrossCountry "encouraged and induced the Departed Employees to breach their restrictive covenants and other legal obligations"); ¶ 73 ("Departed Employees . . . solicit[ed] each other at the direction and encouragement of CrossCountry"; ¶ 77 (Departing Employees "misappropriated . . . confidential information acting in concert with CrossCountry and with its knowledge and approval"); ¶ 89 ("another competitor initiated legal action in this Court alleging that CrossCountry raided their employees"; ¶ 92 ("CrossCountry directly, intentionally, and improperly conspired with third-parties"); ¶ 107 ("CrossCountry either directly instructed, or negligently permitted, such

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 10

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

misappropriation as part of its scheme"); ¶ 128 ("CrossCountry . . .intentionally induc[ed] and encourage[ed] the Departed Employees to breach their contracts"); ¶ 132 ("CrossCountry . . . intentionally and purposefully induced the Departed Employees to breach their fiduciary duties"); ¶ 140 ("CrossCountry . . . intentionally and purposefully induced the Departed Employees to breach their fiduciary duties"); ¶ 153 ("All the actions taken by the Departed Employees were done with CrossCountry's knowledge and approval.").)

None of those paragraphs actually allege any facts as to CrossCountry, and the mere repetition of rank conclusions cannot sustain a claim. Count Five should be dismissed.

### VII. The Complaint Fails to State a Claim For Tortious Interference With Business Expectancy (Count Six).

Caliber's Opposition does nothing to alter the conclusion that the Complaint fails to satisfy the elements of a claim for tortious interference with business expectancy. The Complaint nowhere alleges facts suggesting that CrossCountry ever "induc[ed] or caus[ed] a breach or termination of [a] relationship or expectancy." *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wn. 1997). Likewise, Caliber's allegation about having $2.3 billion in "customers and/or prospects" is far too vague to state a tortious-interference claim. *Pacific Nw. Shooting Park Ass'n v. City of Sequim*, 144 P.3d 276, 353 n.2 (Wn. 2006).

The Opposition musters no valid response to these points, except to repeat the rote conclusions that the Departed Employees took Caliber's confidential information "at the direction of and/or for use by CrossCountry," and that "CrossCountry induced, encouraged, acted in concert with, directed, used, and benefitted from the Departed Employees stealing Caliber's Confidential Information." (Opp. at 20, 21.) As discussed, such recitation of elements are not allegations of fact, and are insufficient to state any claim as to CrossCountry.

### VIII. The Complaint Fails to State a Claim For Civil Conspiracy (Count Seven).

Finally, Caliber's civil-conspiracy claim is deficient for two reasons. First, under Washington law, "civil conspiracy is not, by itself, an actionable claim." *Spencer v. Peters*,

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 11

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 9216) 586-3939

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
Telephone 206.624.0900

116352607.2 0077407-00001

No. C11-5424-BHS, 2012 WL 4514417, at *8 (W.D. Wn. Oct. 2, 2012).  Because none of Caliber's other claims survive Rule 12(b)(6), its conspiracy claim likewise fails.  *Id.*

Second, Caliber's conspiracy claim is utterly conclusory.  Governing law is crystal clear that "[m]ere suspicion or commonality of interests is insufficient to prove a conspiracy." *Fleming v. Corp. of President of Church of Jesus Christ of Latter Day Saints,* No. C04-2338RSM, 2006 WL 753234, at *7 (W.D. Wn. Mar. 21, 2006)  And "[w]hen the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient." *Puget Sound Sec. Patrol, Inc. v. Bates*, 389 P.3d 709, 714 (Wn. Ct. App. 2017).  Yet Caliber does nothing to satisfy that standard other than repeat the words that CrossCountry "conspired with" Mr. Everts, apparently trying to satisfy only the obsolete "notice pleading" standard.  (Opp. at 22-23; Compl. ¶ 3.)

The sole concrete fact that Caliber points to in its Opposition is CrossCountry's offer letter to Mr. Everts, which, by Caliber's own admission, does nothing more than offer him "a $1 million sign-on bonus and $500,000 volume bonus."  (Opp. at 22.)  No matter how much Caliber tries to spin that employment offer as "an illegal scheme" or "pay for play," (*id.*) it offers no facts whatsoever to rebut the straight-forward honest purpose of that offer or to support its *ipse dixit* that the true purpose of the offer was to give Mr. Everts "significant financial inducements" to violate his contractual obligations to Caliber.  (Compl. ¶¶ 3, 26.)  Paying a salary and signing bonus to a new employee does not alone state a plausible conspiracy claim.  *Telesaurus*, 623 F.3d at 1003.  Count Seven should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint fails to state any claim against CrossCountry. Accordingly, all seven Counts should be dismissed under Rule 12(b)(6).

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ

12

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone: 9216) 586-3939*

**STOEL RIVES**
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
*Telephone 206.624.0900*

116352607.2 0077407-00001

| | |
|---|---|
| Dated: August 5, 2022 | Respectfully submitted, |
| | JONES DAY |
| | |
| | *s/ Michael A. Platt* |
| | Michael A. Platt (admitted *pro hac vice*) |
| | North Point |
| | 901 Lakeside Avenue |
| | Cleveland, Ohio 44114-1190 |
| | Tel: (216) 586-3939 |
| | Fax: (216) 579-0212 |
| | Email: maplatt@jonesday.com |
| | |
| | STOEL RIVES LLP |
| | |
| | *s/ James M. Shore* |
| | James M. Shore, WSBA #28095 |
| | 600 University Street, Suite 3600 |
| | Seattle, WA 98101 |
| | Tel: (206) 624-0900 |
| | Fax: (206) 386-7500 |
| | Email: jim.shore@stoel.com |
| | |
| | *Counsel for Defendant* |
| | *CrossCountry Mortgage, LLC* |

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 13

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 9216) 586-3939

STOEL RIVES
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
Telephone 206.624.0900

116352607.2 0077407-00001

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generates a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

*s/ Brie Carranza*
Brie Carranza
Litigation Practice Assistant

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC's REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, 2:22-CV-00616-RAJ — 14

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone:  9216) 586-3939*

**STOEL RIVES**
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA  98101
*Telephone 206.624.0900*

116352607.2 0077407-00001